

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-1069-09 & PD-1070-09

### SAMUEL SCOTT, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**JOHNSON, J., filed a concurring opinion in which COCHRAN, J., joined.**

## CONCURRING OPINION

Harassment, as defined in this statute, requires an intent to harass, annoy, alarm, abuse, torment, embarrass, or offend another in a manner reasonably likely to attain its goal; it does not require that the intended result actually occur. Because the intent is that of the speaker, that person must intend to do something that he or she believes would harass, annoy, alarm, abuse, torment, embarrass, or offend another and to do so repeatedly. While communication of some political view or expression of a personal opinion is protected speech, it is completed with one contact. If

expressed to the same hearer repeatedly, such a "communication" may become harassment, as the pertinent information has already been communicated and no longer has a legitimate purpose.

I find it odd to divide the various actions into two groups based on the dubious distinction of being more or less "intense" emotionally. Why are "annoy," "alarm," "embarrass," and "offend" less invasive of privacy than "harass," "abuse," and "torment"? Given the context, "alarm" is directed at the hearer's alarm over the possibility of personal harm, a reasonable reaction, not alarm that the neighbor is having an affair or that a candidate for mayor has purportedly converted to a religion that the hearer does not approve of. Some hearers might experience extremely emotional embarrassment from being publicly exposed as a liar. Other hearers might not be even unsettled by a threat of bodily injury. One has only to keep up with current events to view the emotional extremes to which some persons will go when they are "offended."

Harassment is in the mind of the speaker, not the hearer. The speaker who intends to harass, annoy, alarm, abuse, torment, embarrass, or offend another has himself defined, for that purpose, both the applicable term and the word "repeatedly." They are not vague or over-broad for the speaker; they are clearly and precisely known. There is no ambiguity of intent in the mind of the speaker, and intent undergirds the offense.

I join the opinion of the Court.


Filed: October 6, 2010
Publish